**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

| | |
|---|---|
| ALASSANE SOW, | Case No. _____ |
| *Petitioner* | **PETITION FOR** |
| | **WRIT OF HABEAS CORPUS AND** |
| v. | **COMPLAINT FOR DECLARATORY** |
| | **AND INJUNCTIVE RELIEF** |
| GEORGE DEDOS, Warden of Torrance County Detention Facility, in his official capacity; | |
| MARY DE ANDA-YBARRA, Field Office Director, El Paso Field Office, U.S. Immigration and Customs Enforcement, in her official capacity; | |
| TODD LYONS, Acting Director of U.S. Immigrations and Customs Enforcement, in his official capacity; | |
| U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT; | |
| KRISTI NOEM, U.S. Secretary of Homeland Security, in her official capacity; | |
| U.S. DEPARTMENT OF HOMELAND SECURITY; and | |
| PAMELA BONDI, Attorney General of the United States, in her official capacity, | |
| *Respondents* | |

## INTRODUCTION

1.      Petitioner Alassane Sow is a Mauritanian national and asylum seeker in immigration custody at Torrance County Detention Center in Estancia, New Mexico. On information and belief, the government intends to imminently and illegally remove Mr. Sow

1

from the United States—even though Mr. Sow has repeatedly and unequivocally expressed his intent to apply for asylum and their fear of persecution and torture in the event of removal; has requested, but never been given, a credible fear interview to which he is legally entitled; and has an asylum and withholding of removal case still pending before the Executive Office of Immigration Review.

2.      Mr. Sow's removal would violate the Refugee Act, 8 U.S.C. § 1158 (prohibiting the removal of an individual likely to face persecution); the Convention Against Torture ("CAT"), *see* Foreign Affairs Reform and Restructuring Act of 1998 ("FARRA"), Pub. L. No. 105-277, div. G, Title XXII, § 2242, 112, Stat. 2681, 2681-822 (1998) (codified as Note to 8 U.S.C. § 1231) (prohibiting removal likely to result in torture); 8 U.S.C. § 1225 (requiring the government to refer an individual who expresses intent to apply for asylum intent to apply for asylum for an interview with an asylum officer prior to expedited removal); 8 U.S.C. § 1101 *et seq* & 8 C.F.R. § 1003, *et seq.* (prohibiting removal during the pendency or appeal of asylum and removal claims before the EOIR); the Suspension Clause of Article I, U.S. Const. art. I, § 2, and the Due Process Clause of the Fifth Amendment, U.S. Const. amend. V.

3.      Accordingly, this Court should grant the instant petition for a writ of habeas corpus to prevent his unlawful removal.

4.      Mr. Sow requests this Court to issue a Writ of Habeas Corpus, a temporary restraining order, preliminary injunction, and permanent injunction enjoining Mr. Sow's removal from the United States; as well as requiring Mr. Sow's release from detention intended to facilitate his unlawful removal, or else grant him a credible fear interview with written notice to and meaningful opportunity for counsel to attend.

## JURISDICTION

5.      This Case arises under the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1101, *et seq*., and its implementing regulations; the Refugee Act, 8 U.S.C. § 1158, and its implementing regulations; the Convention Against Torture ("CAT"), *see* Foreign Affairs Reform and Restructuring Act of 1998 ("FARRA"), Pub. L. No. 105-277, div. G, Title XXII, § 2242, 112; the All Writs Act, 28 U.S.C. § 1651; Article One Section Eight of the U.S. Constitution,  and the Fifth Amendment to the U.S. Constitution.

6.      The Court has subject matter jurisdiction under 28 U.S.C. § 2241 (habeas corpus); art. I, § 9, cl. 2 of the U.S. Constitution (Suspension Clause); 28 U.S.C. § 1331 (federal question); 28 U.S.C. § 1361 (mandamus); and 28 U.S.C. § 1651 (All Writs Act).

7.      The Court may grant relief pursuant to 28 U.S.C. § 2241; 28 U.S.C. § 2243; the Declaratory Judgment Act, 28 U.S.C. § 2201 et seq.; the All Writs Act, 28 U.S.C. § 1651; and the Court's inherent equitable powers.

8.      Venue is proper in this District under 28 U.S.C. § 2241; 28 U.S.C. § 1391(b); and 28 U.S.C. § 1391(e)(1) because at the time of filing the Petitioner was detained in the Respondents' custody within the District of New Mexico; a substantial part of the events and omissions giving rise to the claim occurred in this district; and Respondents are agencies of the United States or officers of the United States acting in their official capacity.

## PARTIES

9.      Alassane Sow is a Mauritanian national detained at Torrance County Detention Center in Estancia, New Mexico. and who is at risk of imminent and expedited removal under 8 U.S.C. § 1225. Mr. Sow fled Mauritania after experiencing beatings, arrests, and threats of death, torture, and persecution on account of his race, politics, and activism. He arrived in the

United States on October 29, 2023. Sow has applied for and is still seeking asylum, withholding of removal, and protection under the Refugee Act and the Convention Against Torture from Mauritania. On June 9, 2025, ICE arrested him in New York, immediately after his immigration court hearing. Sometime thereafter, Respondents transferred Mr. Sow to Estancia, New Mexico., where he has been detained ever since. Mr. Sow is afraid of being sent to Mauritania or some unknown third country.

10.    Respondent George Dedos is the Warden of Torrance County Detention Facility, in his official capacity. Respondent Dedos is responsible for the detention policy and operations at Torrance County Detention Facility, including those relating to the detention of immigrants during their removal procedures. Respondent Dedos is a legal custodian of Petitioner and is named in his official capacity.

11.    Respondent Mary de Anda-Ybarra is the director of the ICE El Paso Field Office, which is responsible for ICE enforcement and removal activities in El Paso. Upon information and belief, the El Paso Field Office is the primary field office handling detainees held in Torrance County Detention Facility. However, upon information and belief, the individual agents responsible for Mr. Sow's detention and removal regularly operate based in Albuquerque, New Mexico. Respondent Mary de Anda-Ybarra is an immediate legal custodian responsible for the arrest and detention of Petitioner and is named in her official capacity.

12.    Todd Lyons is the Acting Director of ICE. Respondent Lyons is responsible for ICE's policies, practices, and procedures, including those relating to the detention of immigrants during their removal procedures. Respondent Lyons is a legal custodian of Petitioner and named in his official capacity.

13.     Respondent ICE is the agency of the Department of Homeland Security ("DHS") that is responsible for carrying out removal orders and overseeing immigration detention. Respondent ICE is a legal custodian of Petitioner.

14.     Respondent Kristi Noem is the U.S. Secretary of Homeland Security. Respondent Noem is a legal custodian of Petitioner and named in her official capacity.

15.     Respondent U.S. Department of Homeland Security ("DHS") is a cabinet-level department of the United States federal government. Its components include Immigration and Customs Enforcement ("ICE"). Respondent DHS is a legal custodian of Petitioner

16.     Respondent Pamela J. Bondi is the U.S. Attorney General at the U.S. Department of Justice, which is a cabinet-level department of the United States government. She is named in her official capacity.

17.     All respondents are named in their official capacities.

## GENERAL ALLEGATIONS

18.     Mr. Sow arrived in the United States on or around October 29, 2023 to flee the prospect of persecution, torture, and death in his home country of Mauritania on the basis of his race, political beliefs, and activism.

19.     Shortly after his arrival, the U.S. Department of Homeland Security ("DHS") served Mr. Sow with a Notice to Appear ("NTA") in immigration court for removal proceedings.

20.     Mr. Sow timely filed a form I-589 on April 5, 2024, and applied for asylum under the Refugee Act, as well as for protection and withholding of removal under both the Refugee Convention and the Convention against Torture.

21.     The application was received by the immigration court in New York with jurisdiction over his case on April 12, 2024.

22.     However, while his application for asylum and withholding of removal was still pending, the government moved to dismiss its case—without meeting its burden of demonstrating changes to circumstances of the case after the notice to appear was issued, and despite the fact that Mr. Sow had a right to hearing on the merits of his claim to relief including asylum and withholding of removal under the Refugee Convention and the Convention against Torture.

23.     Nevertheless, the immigration court erroneously granted the government's motion to dismiss Mr. Sow's case.

24.     Within minutes of the immigration court ordering the dismissal of Mr. Sow's case at an in-person hearing in New York, masked agents acting under the direction of the Respondents arrested Mr. Sow in the court building and placed him in immigration detention.

25.     Upon information and belief, the Respondents moved to dismiss Mr. Sow's immigration court and detained him in order to place him under expedited removal while circumventing removal proceedings in an immigration court.

26.     Shortly thereafter—on the same day of his arrest—Mr. Sow expressed his fear of persecution and torture and his continued desire to apply for asylum in the United States. However, the Respondents did not refer him for a credible fear hearing, as required by 8 U.S.C. § 1225.

27.     Mr. Sow continued to make this request multiple times, even as he was being moved around various detention centers throughout the country, upon information and belief, in preparation for expedited removal. However, the Respondents never afforded him a credible

fear interview with an asylum officer, in violation of both 8 U.S.C. § 1225 and the Due Process Clause of the U.S. Constitution.

28.    On July 3, 2025, Mr. Sow timely appealed the dismissal of his case from immigration court to the Board of Immigration Appeal ("BIA"). The BIA's continued jurisdiction over Mr. Sow's case for asylum and withholding of removal indicates that Mr. Sow's removal would violate relevant law and regulations, including 8 U.S.C. § 1101 *et seq* & 8 C.F.R. § 1003, *et seq*.

29.    On June 27, 2025, Lawrence Hui, Mr. Sow's attorney in New York,  filed a Notice of Entry of Appearance as attorney for Mr. Sow. Immediately thereafter Mr. Hui propounded communication on Respondents—reiterating Mr. Sow's fear of persecution and torture, his continued desire and intent to apply for asylum in the United States, and request for a credible fear interview. However, the Respondents continued to refuse to afford Mr. Sow the requested credible fear hearing required by 8 U.S.C. § 1225.

30.    Both Mr. Hui and Mr. Sow continued to repeat this request multiple times in the coming days, including on July 22, 2025. Respondents continued their refusal to refer Mr. Sow for a credible fear hearing.

31.    On July 22, 2025, the removal officer in charge of Mr. Sow's case finally responded and admitted that the Respondents intend imminently to remove Mr. Sow from the United States. Mr. Hui once again reiterated the Mr. Sow's fear of persecution and torture, his continued desire and intent to apply for asylum in the United States, and request for a credible fear interview. However, the removal officer refused to engage with this request and responded that Mr. Sow could make credible fear request through a computer tablet. Mr. Hui explained to the removal officer that Mr. Sow would likely be unable to navigate such a system. (Mr. Sow

is functionally illiterate). Mr. Hui reiterated that both he and Mr. Sow have made numerous and unequivocal verbal and written requests for a credible fear interview, to which Mr. Sow is legally entitled.

32.     Mr. Sow's removal officer promised to call Mr. Hui by 2PM ET on July 24, 2025, to provide an update on Mr. Sow's status.

33.     This time came and went without any calls.

34.     Under these circumstances, Mr. Sow's removal would violate the Refugee Act, 8 U.S.C. § 1158 (prohibiting the removal of an individual likely to face persecution); the Convention Against Torture ("CAT"), *see* Foreign Affairs Reform and Restructuring Act of 1998 ("FARRA"), Pub. L. No. 105-277, div. G, Title XXII, § 2242, 112, Stat. 2681, 2681-822 (1998) (codified as Note to 8 U.S.C. § 1231) (prohibiting removal likely to result in torture); 8 U.S.C. § 1225 (requiring the government to refer an individual who expresses intent to apply for asylum for an interview with an asylum officer prior to expedited removal); 8 U.S.C. § 1101 *et seq* & 8 C.F.R. § 1003, *et seq.* (prohibiting removal during the pendency or appeal of asylum and removal claims before the EOIR); the Suspension Clause of Article I, U.S. Const. art. I, § 2, and the Due Process Clause of the Fifth Amendment, U.S. Const. amend. V.

## CLAIMS FOR RELIEF

### Count I. Violation of Habeas Corpus

35.     All of the foregoing allegations are repeated and realleged as if fully set forth herein.

36.     Individuals in immigration custody and removal have the right to file petitions for habeas corpus to challenge the legality of their custody and removal.

37.    The summary removal of Petitioner violates their right to habeas corpus. See 28 U.S.C. § 2241; U.S. Const. art. I, § 9, cl. 2 (Suspension Clause).

## COUNT II. Violation of Due Process

38.    All of the foregoing allegations are repeated and realleged as if fully set forth herein.

39.    The Due Process Clause of the Fifth Amendment provides in relevant part that: "No person shall be deprived of life, liberty, or property, without due process of law." U.S. Const. amend. V.

40.    In denying Petitioner meaningful procedural protections to challenge their removal, the Respondents violate due process.

## COUNT III. Violation of 8 U.S.C. § 1158, Asylum

41.    All of the foregoing allegations are repeated and realleged as if fully set forth herein.

42.    The INA provides, with certain exceptions, that "[a]ny alien who is physically present in the United States or who arrives in the United States (whether or not at a designated port of arrival and including an alien who is brought to the United States after having been interdicted in international or United States waters), irrespective of such alien's status, may apply for asylum in accordance with this section or, where applicable, section 1225(b) of this title." 8 U.S.C. § 1158(a)(1).

43.    Respondents' attempts to remove the Petitioner prevents him from applying for asylum in accordance with 8 U.S.C. § 1158(a)(1) and is therefore contrary to law.

## COUNT IV. Violation of 8 U.S.C. § 1231(b)(3), Withholding of Removal

44.    All of the foregoing allegations are repeated and realleged as if fully set forth herein.

45.     With certain limited exceptions, the "withholding of removal" statute, INA § 241(b)(3), codified at 8 U.S.C. § 1231(b)(3), bars the removal of noncitizens to a country where it is more likely than not that they would face persecution.

46.     Respondents' attempts to remove the Petitioner violates the withholding of removal statute because it does not provide adequate safeguards to ensure that Petitioner is not returned to a country where it is more likely than not that they would face persecution. As a result, Respondents' actions against Petitioner are contrary to law.

### COUNT V. Violation of the Foreign Affairs Reform and Restructuring Act of 1998 ("FARRA"), codified at 8 U.S.C. § 1231 note 8.

47.     All of the foregoing allegations are repeated and realleged as if fully set forth herein.

48.     FARRA prohibits the government from returning a noncitizen to a country where it is more likely than not that they would face torture.

49.     Respondents' attempts to remove the Petitioner violates FARRA because it does not provide adequate safeguards to ensure that Petitioner is not removed to a country where it is more likely than not that they would face torture. As a result, Respondents' actions against Petitioner are contrary to law.

### COUNT VI. Violation of 8 U.S.C. § 1225, Credible Fear

50.      All of the foregoing allegations are repeated and realleged as if fully set forth herein.

51.     8 U.S.C. § 1225 requires respondents to refer a noncitizen who expresses intent to apply for asylum to an interview with an asylum officer prior to expedited removal.

52.     Respondents' refusal to refer the Petitioner for a credible fear interview violates 8 U.S.C. § 1225.

**COUNT VII. Violation of 8 U.S.C. § 1101, *et seq.*, Immigration and Naturalization Act**

53.    All of the foregoing allegations are repeated and realleged as if fully set forth herein.

54.    The INA provides that a removal proceeding before an immigration judge under 8 U.S.C. § 1229a is "the sole and exclusive procedure" by which the government may determine whether to remove an individual, "[u]nless otherwise specified" in the INA. 8 U.S.C. § 1229a(a)(3). 94.

55.     The INA's "exclusive procedure" and statutory protections apply to any removal of a noncitizen from the United States.

56.    These protections remain in place during the pendency of an appeal to the Board of Immigration Appeal.  *See* 8 C.F.R. § 1003, *et seq*

57.    Respondents' efforts to remove the Petitioner without the procedures specified in the INA violate the INA.

**PRAYER FOR RELIEF**

Wherefore, Petitioner respectfully requests this Court to grant the following:

1.  Assume jurisdiction over this matter;

2.  Grant a temporary restraining order to preserve the status quo pending further proceedings

3.  Grant a writ of habeas corpus to Petitioner that enjoins Respondents removing the Petitioner;

4.  Enjoin Respondents from removing Petitioner;

5.  Enjoin Respondents from transferring Petitioner without providing 30-day notice of and an opportunity to respond to any designation as an alien enemy under the

Proclamation prior to the removal date;

6. Grant a writ of habeas corpus to Petitioner ordering release of Petitioner from detention; or order the Respondents to afford the Petitioner a Credible Fear hearing;

7. Award Petitioner's counsel reasonable attorneys' fees under the Equal Access to Justice Act, and any other applicable statute or regulation; and

8. Grant such further relief as the Court deems just, equitable, and appropriate.


Dated: July 25, 2025

*/s/ Hans Erickson*
**SONATA LAW FIRM, LLC**
Hans Erickson
PO Box 70275
Albuquerque, NM 87197
hans@sonatalaw.com
(505) 266-0400

**LOZOYA LAW, PLLC**
Maeve Lozoya
18205 N. 51st Avenue., Ste 121
Glendale, AZ 85308
maeve@lozoyalawaz.com
Phone: (602) 814-4064
Fax: (602) 354-9404

**The Nemecek Firm, Ltd**
Robert P. Wisniewski II*
471 East Broad Street, Suite 1200
Columbus, Ohio 43215
Tel: (614) 459-2180
Fax: (614) 340-7888
robert@jnimmigration.com

**EL BARRIO ANGELS**
Eugene Nam*
Lawrence Hui*
elbarrioangels@saintedwarthemartyr.com

20 West 72nd Street, Apt. 804
New York, NY 10023
(347) 281-3655

*Pro hac vice applications forthcoming*

**Verification by Someone Acting on Petitioner's
Behalf Pursuant to 28 U.S.C. § 2242**

I am submitting this verification on behalf of Petitioner because I am one of
Petitioner's attorneys. I have discussed with Petitioner the events described in this Petition. I
hereby verify that the statements made in the attached Petition for Writ of Habeas Corpus,
including the statements regarding Petitioner's process of seeking asylum in the United States
and credible fear interviews, are true and correct to the best of my knowledge.

 /s/ Lawrence Hui_____
 Date: July 25, 2025